**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Jahyda Spurill, James L. Johnson, Curtis Dyson, and
John Doe, Defendants,

Of whom Jahyda Spurill is the Appellant.

In the interests of minors under the age of eighteen.

Appellate Case No. 2015-001539

Appeal From Dillon County
Salley Huggins McIntyre, Family Court Judge

Unpublished Opinion No. 2016-UP-251
Submitted May 24, 2016 – Filed June 2, 2016

**AFFIRMED**

Carla Faye Grabert-Lowenstein, of The Law Offices of
Carla Faye Grabert-Lowenstein LLC, of Conway, for
Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Jesse Stanley Cartrette, Jr., of The Cartrette Law Firm, of Florence, for the Guardian ad Litem.

**PER CURIAM:**  Jahyda Spurill (Mother) appeals the family court's order terminating her parental rights to two children.[1]  On appeal, Mother argues clear and convincing evidence does not support the statutory grounds for termination of parental rights (TPR).  Mother also argues TPR is not in the children's best interest.  We affirm.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).  Although this court reviews the family court's findings de novo, we are not required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility.  *Lewis v. Lewis*, 392 S.C. 381, 385, 709 S.E.2d 650, 652 (2011).

The family court may order TPR upon finding one or more of twelve statutory grounds is satisfied and TPR is in the best interest of the child.  S.C. Code Ann. § 63-7-2570 (Supp. 2015).  The grounds for TPR must be proved by clear and convincing evidence.  *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We find clear and convincing evidence supports TPR based on a diagnosable condition that made Mother unlikely to provide minimally acceptable care to the children.  *See* S.C. Code Ann. § 63-7-2570(6) (Supp. 2015) ("The family court may order [TPR] upon a finding . . . [t]he parent has a diagnosable condition unlikely to change within a reasonable time including, but not limited to, addiction to alcohol or illegal drugs, [or] prescription medication abuse . . . and the condition makes the parent unlikely to provide minimally acceptable care of the child.").  The South Carolina Department of Social Services (DSS) presented evidence showing Mother had an addiction to cocaine and marijuana.  From April 2013 to August 2014, Mother continued to test positive for cocaine and marijuana.  During that time, Mother attended the Chrysalis Center but was discharged before completion of her program, and she continued to test positive for drug use thereafter.  A licensed counselor testified Mother was diagnosed with cannabis dependence, cocaine dependence, and alcohol abuse in August 2014, and she

---

[1] The family court also terminated the parental rights of the children's fathers in the same order, but the fathers did not appeal.

believed Mother's diagnoses continued at the time of the TPR hearing.  This was the second case DSS opened in regards to Mother as a result of her drug usage.  Although Mother's most recent drug test was negative, it was the first of ten drug tests that was negative and the testing occurred only twelve days before the TPR hearing.  Mother has not demonstrated whether her recent sobriety is maintainable, and she failed to attend the group sessions required by her licensed counselor.  Additionally, Mother did not have a job due to failing drug tests.  Accordingly, this court finds clear and convincing evidence showed Mother had a diagnosable condition that made it unlikely she could provide minimally acceptable care to the children.

We also find clear and convincing evidence showed the children were harmed and due to the severity or repetition of Mother's abuse or neglect, it was not reasonably likely Mother's house could be made safe within twelve months.  *See* S.C. Code Ann. § 63-7-2570(1) (Supp. 2015) (stating a ground for TPR is met when "[t]he child or another child while residing in the parent's domicile has been harmed as defined in [s]ection 63-7-20 [of the South Carolina Code (2010)], and because of the severity or repetition of the abuse or neglect, it is not reasonably likely that the home can be made safe within twelve months").  Harm occurs when the parent "fails to supply the child with adequate food, clothing, shelter, or . . . supervision appropriate to the child's age and development . . . and the failure to do so has caused or presents a substantial risk of causing physical or mental injury."  S.C. Code Ann. § 63-7-20(4)(c) (2010).  Mother harmed the children by leaving them unsupervised at a homeless shelter.  *See id.*  Mother also harmed the children by her continued drug use.  *See id.*  Mother's home is unlikely to be made safe within twelve months because the children have been in DSS custody since August 2013 and Mother continued to test positive for marijuana and cocaine and as a result of her continued drug use, Mother was unable to adequately provide for the children.[2]

Finally, we find TPR is in the children's best interest.  "The purpose of [the TPR statute] is to establish procedures for the reasonable and compassionate [TPR] where children are abused, neglected, or abandoned in order to protect the health and welfare of these children and make them eligible for adoption . . . ."  S.C. Code

---

[2] Because we find clear and convincing evidence supports two statutory grounds for TPR, we decline to address any remaining TPR grounds.  *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (stating when clear and convincing evidence exists to affirm TPR on one ground, the appellate courts may decline to address any remaining TPR grounds on appeal).

Ann. § 63-7-2510 (2010).  In a TPR case, the best interest of the child is the paramount consideration.  *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000).  "The interest[] of the child shall prevail if the child's interest and the parental rights conflict."  S.C. Code Ann. § 63-7-2620 (2010).  DSS identified an adoptive placement for the children, and the children's aunt is also interested in adopting the children.  The GAL's report noted the children were intelligent, talkative, healthy, and happy.  While a bond exists between Mother and the children, she has not demonstrated an ability to provide them with stability.  Accordingly, we find TPR is in the children's best interest.

**AFFIRMED.**[3]

**HUFF, A.C.J., and KONDUROS and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.